

Jeffrey Kimmel

Akerman LLP
1251 Avenue of the Americas
37th Floor
New York, NY  10020

D: 212 259 6435
T: 212 880 3800
F: 212 880 8965
DirF: 212 905 6408

January 12, 2024

**VIA ECF**
Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007-1312



RE: **Brown, et al. v. Peregrine Enterprises, et al**.
Case No. 22-cv-01455
**Carrion, et al. v. Peregrine Enterprises, et al.**
Case No. 23-cv-02891

Dear Judge Failla:

     This firm represents Peregrine Enterprises, Inc., dba Rick's Cabaret New York ("Rick's Cabaret"); RCI Entertainment (New York) Inc., RCI Hospitality Holdings Inc., fka Rick's Cabaret International, Inc., RCI Management Services; Eric Langan; and Ed Anakar (collectively, the "Defendants") in the above-referenced cases. We respectfully submit this joint letter to update the Court of the parties' anticipated next steps in both cases.

     **I.**    **Defendants' Positions**

     On December 20, 2023, the Second Circuit Court of Appeals reversed the November 3, 2022 order of this Court which lifted the stay in this case based on the holding that Defendants had waived their right arbitrate Plaintiffs' claims on an individual basis. Specifically, Second Circuit held that Defendants did not act "so inconsistently with its arbitration right as to have waived arbitration." *Brown v. Peregrine Enterprises, Inc*., No. 22-2959, 2023 WL 8800728, at *3 (2d Cir. Dec. 20, 2023). While the Second Circuit noted that this Court did "not err in declining to appoint an arbitration under the 'lapse' provision of section 5" of the FAA, it also noted that this does not "foreclose the district court, upon application by either party on remand, from considering the **propriety of compelling arbitration under section 4 of the FAA and directing plaintiffs to pay their equal share of the arbitration fees under the ELAs to initiate such arbitration before the AAA**." *Id*. at *4. The Second Circuit also suggested that this Court could order the appointment of a substitute arbitrator under the separate "failure to avail" prong under section 5 of the FAA. *Id*.

     Accordingly, and consistent with the Second Circuit's decision, Defendants intend to file a renewed motion to compel arbitration in both cases for appointment of a substitute arbitrator based on the "failure to avail" prong of Section 5 of the FAA, or in the alternative, for an order requiring

Plaintiffs to re-file their claims with the AAA, and directing Plaintiffs to pay their equal share of the arbitration fees in either instance. If the Court requires a pre-motion letter for this renewed motion, Defendants request a January 29, 2024 deadline to file a pre-motion letter.

Counsel for the parties met and conferred by telephone on January 11, 2024 and Defendants suggested that the parties reach an agreement on how to proceed either with a substitute arbitration forum or by informing the AAA of the Second Circuit decision and requesting that the AAA administer the cases with each party paying half of the initial filing fees. Plaintiffs declined to proceed with either alternative.

## II.     Plaintiffs' Position.

Counsel for the parties met and conferred by telephone on January 11, 2024. Defendants suggested that the parties reach an agreement on how to proceed. Defendants' proposed an agreement on a substitute arbitral forum or that the Parties inform the AAA of the Second Circuit decision and request that the AAA administer the cases with each party paying half of the initial filing fees. Plaintiffs declined Defendants' invitation because the Second Circuit's decision does not affect the Second Circuit's decision in *In re Solomon Inc. Sharehlders' Derivative Litigation*, 68 F.3d 554 (2d Cir. 1995) ("*In re Solomon*").

In *In re Solomon,* this Court considered a case involving a shareholder derivative suit against several former executives of Salomon Brother who sought to invoke an arbitration provision in their employment agreement. The provision provided that any disputes with their employer would be decided by the New York Stock Exchange ("NYSE"). *Id*. at 556.

The Second Circuit held that the plaintiffs could not be compelled to arbitrate their claims before a different forum. *Id*. at 557–59. The Court reasoned that the plain text of the agreement designating NYSE as the arbitral forum reflected an **intent to arbitrate exclusively** before the NYSE. *Id*. Even though Section 5 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 2, *et seq.*, permits courts to appoint a substitute arbitrator where there is "a lapse in the naming of an arbitrator…," the Second Circuit held that Section 5 does not authorize such a substitution when private parties agree to arbitrate exclusively before a specific forum that subsequently becomes unavailable. *Id*. at 560. Thus, an arbitration provision cannot be enforced if the parties' agreement upon an arbitral forum and that forum is no longer available. *Moss v. BMO Harris Bank N.A.*, 114 F.Supp. 3d 61, 66 (E.D.N.Y. Jul. 16, 2015). Language indicating exclusivity such as "only" or "exclusive" is not required to transform an agreement to arbitrate a claim before a specific forum into an agreement to arbitrate a claim *exclusively* before that forum. *Id*. at 67.

On appeal, the Second Circuit agreed fully with the District Court. *See Moss v. First Premier Bank*, 835 F.3d 260 (2d Cir. 2016). The Court reasoned that the parties' agreement named only NAF as an arbitral forum and failed to name a substitute arbitrator if NAF were to become unavailable. *Id*. at 265. Indeed, the Court acknowledged that the District Court correctly applied *In re Salomon* as it was bound to do. *Id*. at 267. Because the parties named NAF as the arbitral forum in the original arbitration agreement without contemplating an alternative arbitral forum should NAF become unavailable, *In re Salomon* did not allow for the Court to appoint a substitute arbitrator. *Id*.

Defendants' position does not address that the Second Circuit's decision in this case does not affect *In re Solomon's* vitality. While the Second Circuit ruled that Defendants did not waive arbitration and arbitration had not "been had" under the FAA's provisions, the Second Circuit did not blunt the force of — let alone overrule — *In re Solomon*. Moreover, the AAA now refuses to administer arbitrations involving Defendants. And the AAA affirmed its position on July 24, 2023 in a letter addressed to the Parties. Because the AAA will not administer arbitrations involving Defendants, there is no arbitral forum available in which Plaintiffs may arbitrate their claims in this matter. And *In re Solomon* prevents Defendants or this Court from appointing a substitute arbitrator. Plaintiffs' claims are therefore not subject to arbitration notwithstanding the Second Circuit's ruling.

Plaintiffs will oppose Defendants' renewed motion to compel arbitration.

We thank the Court for its time and attention to this matter and its consideration of this request.

Respectfully Submitted,

/s/ Jeffrey A. Kimmel
Jeffrey A. Kimmel
Partner
For the Firm


/s/ John P. Kristensen
Attorney for Plaintiffs


As the parties are not in agreement with respect to next steps, the Court will hold a telephonic conference in this matter on **January 24, 2024**, at **11:00 a.m.** At that time, the parties shall call (888) 363-4749, and enter access code 5123533.

In light of the Second Circuit's decision on Defendants' interlocutory appeal, Plaintiffs' motions for conditional certification and equitable tolling in both the *Brown* and *Carrion* matters are DENIED without prejudice to renewal.

The Clerk of Court is directed to terminate the pending motions at docket entries 63 and 64 in No. 22 Civ. 1455 (KPF), and the pending motions at docket entries 41 and 42 in No. 23 Civ. 2891 (KPF) (GS).

Dated:    January 16, 2024          SO ORDERED.
          New York, New York

*Katherine Polk Failla* (signature)

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE